UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

vs.

UNIKJEWELRY, LLC,
d/b/a UniK Jewelry

      Defendants.

_____/

## **COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jesus Gonzalez, ("Plaintiff") by and through his undersigned counsel, hereby sues Defendant, UniKJewelry, LLC, d/b/a UniK Jewelry, ("Defendant") for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## **JURISDICTION**

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendant, UniKJewelry, LLC, d/b/a UniK Jewelry is authorized to conduct and conducting business within the State of Florida and within the jurisdiction of this court.

Gonzalez v. UniK Jewelry
Complaint for Injunctive Relive

## PARTIES

4.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.      Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

6.      Defendant, UniKJewelry, LLC, is a Florida Limited Liability Company, authorized to do business, within the state of Florida, and which upon information and belief is the owner and operator of UniK Jewelry, a jewelry store located at 827 SW 8 Street, Miami, FL 33130, which is the subject to this action, and referenced hereto as "UniK Jewelry" or "Operator".

## FACTS

7.      Defendant, UniKJewelry, LLC, the owner and operator of the UniK Jewelry store, located at 827 SW 8 Street, Miami, FL 33130, which is open to the general public and therefore a place of public accommodation. Defendant, UniKJewelry, LLC d/b/a UniK Jewelry which is the subject to this action is also referred hereto as "UniK Jewelry" or "Subject Property".

8.      As the owner/operator of a store, which is open to the public, Defendant, UniKJewelry, LLC, and is defined as a "Public Accommodation" within meaning of Title

III because it is a private entity which owns, or operates a store; 42 U.S.C. §12182, §12181(7)(E) & (F) and 28 C.F.R. §36.104(5) & (6).

9.      On December 8, 2023, Plaintiff personally visited the UniK Jewelry, to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but since he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

10.      Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant, UniKJewelry, LLC, the owner and operator of the UniK Jewelry store.

11.      As the owner and operator of the UniK Jewelry store, Defendant, UniKJewelry, LLC, and the need to provide equal access to all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12.      As a result of the several discriminations by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13.      Plaintiff continues to desire to patronize the UniK Jewelry store operated by UniKJewelry, LLC, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that store which are in violation of the ADA.

14.     Any and all requisite notice has been provided.

15.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16.     The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18.     Prior to the filing of this lawsuit, Plaintiff personally visited the UniK Jewelry store with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair

for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19.     Defendant, UniKJewelry, LLC,  has discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq*. and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodation and services offered at UniK Jewelry store.

21.     Defendant, UniKJewelry, LLC, is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23.     Defendant, UniKJewelry, LLC, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* and Defendant, UniKJewelry, LLC, as the

**Gonzalez v. UniK Jewelry**
**Complaint for Injunctive Relive**

owner/operator of a store, which is open to the public, is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.    Plaintiff had difficulty perambulating into the store and using the main entrance, as the main door has a change in level. Because the door has a vertical change in the level at the door threshold, this is a of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained in the instant case.

ii.   The entrance door only has a step to access the public accommodation. This entrance is inaccessible and does not have signage posted indicating the location of an accessible entrance. This is a violation of Section 216.6 of the 2010 ADA Standards. The step represents an insurmountable barrier to independent entry to the store by the Plaintiff and other individuals who use wheelchairs or electronic scooters, and is in violation of 28 C.F.R. Part 36, Section 4.7; and Section 206.2.1 and 206.4 of the 2010 ADA Standards for Accessible Design.



24.    Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA. Pursuant to 42 U.S.C. §12101*et seq*., and 28 C.F.R. §36.304, the Defendant is required to make the UniK Jewelry store, and commercial space, located at 827 SW 8 Street, FL 33130, accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

25.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and UniK Jewelry therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, UniKJewelry, LLC, d/b/a UniK Jewelry, and requests the following injunctive and declaratory relief:

**Gonzalez v. UniK Jewelry**
**Complaint for Injunctive Relive**

a.  The Court declare that Defendant has violated the ADA;

b.  The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c.  The Court enter an Order requiring Defendant to alter the commercial property used as the UniK Jewelry located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d.  The Court award reasonable costs and attorneys' fees; and

e.  The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on December 20, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*
